Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 408 368-7997
Fax: 877 730-4315

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTDOOR PRO SHOP, INC., <br>     Plaintiff, <br>   vs. <br> NEWELL BRANDS, INC. <br>     Defendant. | Case No.: <br><br> COMPLAINT FOR FEDERAL TRADEMARK INFRINGMENT; FEDERAL UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT; CALIFORNIA UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT) AND DEMAND FOR JURY |

Plaintiff, OUTDOOR PRO SHOP, INC., a company organized and existing under the laws of the State of California complains against defendant NEWELL BRANDS, INC., a company organized and existing under the laws of the State of Georgia, as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1. OUTDOOR PRO SHOP, INC.'s first and second claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.) This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(b)( unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims

1

COMPLAINT

under U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because OUTDOOR PRO SHOP, INC. transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment is subject to Local Rules of Court 3-2(c) and thus the case is to be randomly assigned within the district based upon the Assignment Plan, because OUTDOOR PRO SHOP, INC.'s gravamen in the complaint a dispute about its intellectual property and more particularly, unfair competition based upon both Federal and Common Law trademark infringement, despite the actions of NEWELL BRANDS, INC. giving rise to the causes of action set forth herein occurred in the Counties of Sonoma.

**PARTIES**

4. Plaintiff, OUTDOOR PRO SHOP, INC., is a company organized and existing under the laws of the State of California and does business both locally and globally advertising and selling products typically used in outdoor sports related activities, such as fishing, boating and the like. OUTDOOR PRO SHOP, INC. has its principle place of business located at 412 Houser St., Cotati California 94931 where it has a retail store and does a substantial about of business over the Internet through a website http://www.outdoorproshop.com/.

5. OUTDOOR PRO SHOP, INC. is informed and believes that NEWELL BRANDS, INC. is a corporation with a principle place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia and is further informed and believes that OUTDOOR PRO-SHOP LLC advertises, distributes and/or sells reels and knives in this judicial district. OUTDOOR PRO SHOP, INC. is further informed and believes that NEWELL BRANDS, INC. has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

**Outdoor Pro Shop, Inc.'s Use of Its Trademark**

6. OUTDOOR PRO SHOP, INC. sales its products in connection with its PITBULL TACKLE trademark in channels of commerce in several countries around the world making the PITBULL TACKLE trademark well known. For many months before the events giving rise to this Complaint and continuing to the present, OUTDOOR PRO SHOP, INC. has spent great amounts of time, money, and effort advertising and promoting the goods sold in connection with its PITBULL TACKLE trademark and has sold and advertises products in connection with this trademark all over the world, including throughout the United States and in California. Through this investment and large sales, OUTDOOR PRO SHOP, INC. has created considerable goodwill and a reputation for quality goods used in connection with the PITBULL TACKLE trademark. OUTDOOR PRO SHOP, INC. continuously uses the PITBULL TACKLE trademark to distinguish its goods.

7. OUTDOOR PRO SHOP, INC. is informed and believes that it is the owner of the PITBULL TACKLE trademark used in connection with fishing tackle products, namely, terminal tackles, fishing rods, fishing reels, and fishing lines and does not consent to NEWELL BRANDS, INC.'s use of OUTDOOR PRO SHOP, INC.'s dominant portion of its mark PITBULL.

8. OUTDOOR PRO SHOP, INC. is currently the owner of a the PITBULL TACKLE trademark that is the subject of United States Trademark registration number 4,914,940 that has been registered on the Principal Register of the United States Trademark Office since March 8, 2016.

**Newell Brands, Inc.'s Infringement of Outdoor Pro Shop, Inc.'s Trademark**

9. OUTDOOR PRO SHOP, INC. is informed and believes that NEWELL BRANDS, INC. currently sales fishing tackle products in connection with the name PITBULL through the same channels of trade and offered and sold to the same class of purchasers as goods provided by OUTDOOR PRO SHOP, INC.

10. Upon information and belief, OUTDOOR PRO SHOP, INC.'s use of its PITBULL TACKLE trademark in the United States pre-dates NEWELL BRANDS, INC.'s use of the term PITBULL in connection with the sales of goods.

11. Upon information and belief, NEWELL BRANDS, INC.'s use of the term PITBULL will cause a likelihood of confusion as to the source and quality of goods with those provided by OUTDOOR PRO SHOP, INC. under its PITBULL TACKLE trademark.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

12. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 11 of this Complaint.

13. Without OUTDOOR PRO SHOP, INC.'s consent, NEWELL BRANDS, INC. has used, in connection with the sale, offering for sale, distribution or advertising of its goods, a mark that infringes upon OUTDOOR PRO SHOP, INC.'s trademark that is registered on the Principle Register of the United States Patent and Trademark Office as registration number 4,914,940.

14. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

15. As a direct and proximate result of NEWELL BRANDS, INC.'s infringing activities, OUTDOOR PRO SHOP, INC. has suffered substantial damage.

16. Defendant's infringement of OUTDOOR PRO SHOP, INC.'s PITBULL TACKLE trademark as alleged herein is an exceptional case and was intentional, entitling OUTDOOR PRO SHOP, INC. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 111 7(a) and 111 7(b).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

17. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 16 of this Complaint.

18. NEWELL BRANDS, INC.'s conduct constitutes the use of symbols or devices tending falsely to describe the infringing goods, within the meaning of 15 U.S.C. § 1125(a)(l). NEWELL BRANDS, INC. 's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing services to the detriment of OUTDOOR PRO SHOP, INC. and in violation of 15 U.S.C. § 1125(a)(l).

19. As a direct and proximate result of NEWELL BRANDS, INC.'s infringing activities, OUTDOOR PRO SHOP, INC. has suffered substantial damage.

**THIRD CLAIM**
**COMMON LAW TRADEMARK INFRINGMENT**

20. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 11 of this Complaint.

21. OUTDOOR PRO SHOP, INC. is informed and believes that it has used its PITBULL TACKLE trademark in retail store sales and advertising goods in connection fishing tackle products, namely, terminal tackles, fishing rods, fishing reels, and fishing lines in the state of California before NEWELL BRANDS, INC.'s use of the term PITBULL and that OUTDOOR PRO SHOP, INC. 's use of its PITBULL TACKLE trademark has been continuous in the state of California since its first use thereof.

22. OUTDOOR PRO SHOP, INC. is informed and believes that NEWELL BRANDS, INC.'s use of the term PITBULL are in the same channels of commerce in which OUTDOOR PRO SHOP, INC. uses its PITBULL TACKLE trademark and that NEWELL BRANDS, INC. directs goods sold under the name PITBULL to the same class of purchasers in which

OUTDOOR PRO SHOP, INC. directs the sales of goods used in connection with its PITBULL TACKLE trademark.

23. As a direct and proximate result of NEWELL BRANDS, INC.'s use of the term PITBULL in connection with its goods sold, OUTDOOR PRO SHOP, INC. has suffered substantial damage.

**FOURTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

24. OUTDOOR PRO SHOP, INC. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 11 of this Complaint.

25. NEWELL BRANDS, INC. 's infringement of OUTDOOR PRO SHOP, INC. 's PITBULL TACKLE trademark constitutes unfair business acts or practices within the meaning of California Business & Professions Code § 17200.

26. As a consequence of NEWELL BRANDS, INC. 's actions, OUTDOOR PRO SHOP, INC. is entitled to injunctive relief and an order that NEWELL BRANDS, INC. disgorge all profits on the manufacture, use, display or sale of infringing goods.

**PRAYER FOR JUDGMENT**

WHEREFORE, OUTDOOR PRO SHOP, INC. prays that this Court grant it the following relief:

27. Adjudge that OUTDOOR PRO SHOP, INC. 's PITBULL TACKLE trademark has been infringed by NEWELL BRANDS, INC. in violation of OUTDOOR PRO SHOP, INC. 's rights under common law, 15 U.S.C. § 1114, and/or California law;

28. Adjudge that NEWELL BRANDS, INC. has competed unfairly with OUTDOOR PRO SHOP, INC. in violation of OUTDOOR PRO SHOP, INC. 's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

29. Adjudge that NEWELL BRANDS, INC. and each of his agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert

or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

 a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any services or goods that display any words or symbols that so resemble OUTDOOR PRO SHOP, INC. 's PITBULL TACKLE trademark as to likely cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for OUTDOOR PRO SHOP, INC., including without limitation any service or product that bears the NEWELL BRANDS, INC. 's designs or any other similar approximation of OUTDOOR PRO SHOP, INC. 's PITBULL TACKLE trademark;

 b. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of NEWELL BRANDS, INC. or his goods with OUTDOOR PRO SHOP, INC. or as to the origin of NEWELL BRANDS, INC.'s goods, or any false designation of origin, false or misleading description or representation of fact;

 c. Further infringing the rights of OUTDOOR PRO SHOP, INC. in and to any of its trademarks in its brand products or otherwise damaging OUTDOOR PRO SHOP, INC.'s goodwill or business reputation;

 d. Otherwise competing unfairly with OUTDOOR PRO SHOP, INC. in any manner; and

 e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

 30. Adjudge that NEWELL BRANDS, INC. be required immediately to supply OUTDOOR PRO SHOP, INC. 's counsel with a complete list of individuals and entities from whom or which he purchased, and to whom or which he sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

31. Adjudge that NEWELL BRANDS, INC. be required immediately to deliver to OUTDOOR PRO SHOP, INC.'s counsel its entire inventory of infringing products, packaging, labeling, advertising and promotional material and all plates, patterns, NEWELL BRANDS, INC. and other material for producing or printing such items, that is in NEWELL BRANDS, INC.'s possession or subject to its control and that infringes OUTDOOR PRO SHOP, INC.'s PITBULL TACKLE trademark;

32. Adjudge that NEWELL BRANDS, INC., within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon OUTDOOR PRO SHOP, INC. 's counsel a written report under oath setting forth in detail the manner in which he has complied with the judgment;

33. Adjudge that OUTDOOR PRO SHOP, INC. recover from NEWELL BRANDS, INC. its damages and lost profits in an amount to be proven at trial;

34. Order an accounting of and impose a constructive trust on all of NEWELL BRANDS, INC.'s funds and assets that arise out of NEWELL BRANDS, INC.'s infringing activities;

35. Adjudge that OUTDOOR PRO SHOP, INC. be awarded its costs and disbursements incurred in connection with this action, including OUTDOOR PRO SHOP, INC. 's reasonable attorneys' fees and investigative expenses; and

36. Adjudge that all such other relief be awarded to OUTDOOR PRO SHOP, INC. as this Court deems just and proper.

Dated: November 29, 2016

/s/Kenneth C. Brooks
LAW OFFICE OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the OUTDOOR PRO SHOP, INC. demands trial by jury in this action of all issues so triable.

Dated: November 29, 2016

/s/Kenneth C. Brooks
LAW OFFICE OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff